UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIZRAIN BONILLA

    Plaintiff,

v.                                             Case No: 2:18-cv-484-FtM-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Mizrain Bonilla, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for SSI on August 14, 2014, with an alleged onset date of June 1, 2013. (Tr. 15, 223-31). Plaintiff's application was denied initially on October 9, 2014, and upon reconsideration on January 20, 2015. (Tr. 108-25, 131-33). Plaintiff requested a hearing and on October 4, 2016, an administrative hearing was held before Administrative Law Judge Julia D. Gibbs ("the ALJ"). On August 2, 2017, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 15-36). Plaintiff requested review of the hearing decision, and on May 14, 2018, the Appeals Council denied the request for review. (Tr. 1-3). Plaintiff initiated the instant action on July 11, 2018.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14, 2014, the application date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairment: chronic bilateral hand pain and weakness, chronic knee pain, and cocaine abuse. (Tr. 17). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b) or sedentary work as defined in 20 CFR 46.967(a) except: Such work is unskilled work. Such work does not require more than occasional fingering and grasping." (Tr. 22-23). At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 33).

At step five, relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 34). Specifically, the ALJ found that Plaintiff could perform such jobs as furniture rental consultant, usher greeter, call out operator, and surveillance system monitor. (Tr. 34). The ALJ concluded that Plaintiff was not under a disability from August 14, 2014, the application date, through August 2, 2017, the date last insured. (Tr. 36).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly analyze the opinion evidence. Specifically, Plaintiff argues that the ALJ improperly analyzed and weighed the opinions of consultative examiners Eshan Kibria, D.O., and Cheryl Kasprzak, Psy.D. Plaintiff argues that their opinions contain greater limitations than found by the ALJ and establish that Plaintiff met his burden of proving he is disabled pursuant to the Agency's definition. (Doc. 23 p. 15-18). Plaintiff contends that the ALJ failed to provide good cause for rejecting their opinions as the reasons proffered by the ALJ for doing so are not supported by substantial evidence. (Doc. 23 p. 18-25). Plaintiff argues that the ALJ erred by giving dispositive weight to the opinion of non-examining reviewer Edmund Molis, M.D., because Dr. Molis did not review all of the medical evidence. (Doc. 23 p. 24). In response, Defendant argues that the ALJ properly

considered the medical opinion evidence and substantial evidence supports the weight the ALJ assigned Dr. Kibria and Dr. Kasprzak's respective opinions. (Doc. 23 p. 25-42).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the Court finds that Plaintiff has failed to demonstrate that the ALJ committed reversible error by improperly considering the options of Dr Kibria and Dr. Kasprzak. Beginning with Dr. Kibria, in his decision, the ALJ evaluated consultative examiner Dr. Kibria's physical assessment and stated he did not give "significant weight to Dr. Kibria's opinion in a medical

source statement form that the claimant was limited to lifting or carrying more than 10 pounds, as it is inconsistent with the claimant's reported capability discussed above, and the treatment records discussed above" (Tr. 32, 514). Substantial evidence supports the ALJ's statement. As the ALJ discussed, Plaintiff reported in a December 2014 report of contact that he could pick up 25 pounds with either hand or 50 pounds with both hands. (Tr. 25, 265). This report is directly inconsistent with Dr. Kibria's opinion about Plaintiff's lifting and carrying ability.

Moreover, the medical evidence discussed by the ALJ is inconsistent with Dr. Kibria's opinion. For example, the ALJ pointed out that at a December 2014 examination, Dr. Rosenberg found Plaintiff had full range of motion in his upper extremities. (Tr. 25, 413). He had 5/5 strength in his upper extremities and 4+/5 grip strength. (Tr. 25, 413). At the June 2017 examination with Dr. Kibria, Plaintiff had 4/5 wrist strength and 5/5 strength in the remainder of his hands, with normal bulk and tone in his hands. (Tr. 27, 510). He had normal range of motion of the shoulders bilaterally (Tr. 27, 510). These findings are inconsistent with the limitations in Dr. Kibria's opinion.

Plaintiff argues that the ALJ's decision is incorrect because the ALJ was pointing to testimony about Plaintiff's ability to lift and carry to discount Dr. Kibria's opinion. However, the ALJ did not state he was referring to testimony but instead, the ALJ noted Plaintiff's "reported capability," which was a reference to the December 2014 "report of contact" discussed earlier in the ALJ's decision. (Tr. 25, 32).

Further, the ALJ explained that he gave "great weight" to Dr. Kibria's opinion that Plaintiff did not require a cane to ambulate, "as it is consistent with the claimant's medical records." (Tr. 32). 20 C.F.R. § 416.927(c)(4). Substantial evidence supports the ALJ's statements. For example, in December 2014 Dr. Rosenberg found Plaintiff had full range of motion of the hips, knees, and

ankles. (Tr. 413). He had 5/5 strength in the right lower extremity and 4+/5 in the left lower extremity. (Tr. 413). Plaintiff used no assistive device when walking (Tr. 412). There was no muscle atrophy of the extremities. (Tr. 414). In February 2015, ARNP Marrero found Plaintiff had normal neurological findings of normal gait, stance, balance. (Tr. 26, 447). At a January 2016 examination with Dr. Jugan, Plaintiff had normal gait and no tenderness in his hips with normal range of motion in the hips. (Tr. 26, 425). In June 2017, Dr. Kibria found Plaintiff was "ok walking" on examination. (Tr. 510).

Further, the ALJ explained he gave "great weight to Dr. Kibria's opinion that claimant could handle, finger, and feel occasionally, as it is consistent with the claimant's medical records discussed above" (Tr. 32). Substantial evidence discussed in the ALJ's decision supports this statement (Tr. 24-31), and the determination is unchallenged by Plaintiff.

The ALJ explained that "to the extent [Dr. Kibria's] assessments in his medical source statement form are inconsistent with the [RFC] adopted here, the undersigned gives little weight to the inconsistency," because the medical evidence did not show Plaintiff was unable to perform work within the RFC. (Tr. 32). Thus, the ALJ determined Dr. Kibria's opined limitations that did not align with the RFC were given little weight because they were inconsistent with the medical evidence. (Tr. 32). These limitations were the ones related to Plaintiff only lifting or carrying up to 10 pounds occasionally, not being able to sit, stand, or walk at one time or in total for certain amounts of time, being able to reach or push/pull with his hands frequently, using his feet to operate foot controls frequently, performing certain postural activities either occasionally or frequently, or having environmental limitations. (Tr. 514-19). Substantial evidence discussed in the ALJ's decision supports the determination. For example, in December 2014 Dr. Rosenberg found Plaintiff had full range of motion of the upper extremities, hips, knees, and ankles. (Tr. 413).

He had full range of motion of the back and a negative straight leg raise test bilaterally. (Tr. 413). He had 5/5 strength in his upper extremities and 4+/5 grip strength. (Tr. 413). He had 5/5 strength in the right lower extremity and 4+/5 in the left lower extremity. (Tr. 413). There was no muscle atrophy of the extremities. (Tr. 414). Plaintiff was able to pick up small objects bilaterally, with some difficulty. (Tr. 414). He was able to button without difficulty. (Tr. 414). Plaintiff walked without an assistive device. (Tr. 412). He had a normal stance. (Tr. 412). In February 2015, ARNP Marrero found Plaintiff had normal neurological findings of normal gait, stance, and balance. (Tr. 26, 447). The report did not note manipulative limitations. (Tr. 446-47). At a January 2016 examination with Dr. Jugan, Plaintiff had normal gait and no tenderness in his hips with normal range of motion in the hips. (Tr. 26, 425). His gross grasp was intact, but weak. (Tr. 424). August 2016 X-rays of the hands were unremarkable. (Tr. 474-75). In June 2017, Dr. Kibria found Plaintiff was "ok walking" on examination. (Tr. 510). He had 4/5 wrist strength and 5/5 strength in the remainder of his hands, with normal bulk and tone. (Tr. 27, 510). He had normal range of motion of the shoulders, elbows, back, knees, ankles and hips. (Tr. 27, 510-12). He had a negative straight leg raise test bilaterally while sitting and no back spasm. (Tr. 510).

Additionally, the ALJ explained he did not "give great weight to [Dr. Kibria's] opinion that the claimant could sit for four hours, and stand or walk for two hours, as Dr. Kibria did not conduct extensive functional testing, and appeared to base at least part of his opinion on the claimant's subjective complaints." (Tr. 32). Plaintiff argues that these reasons are baseless as Dr. Kibria did conduct extensive functional testing and did not overly rely on Plaintiff's subjective complaints. Even if Plaintiff's arguments were well founded, it would not mean remand is necessary. The issue in this case is not whether some evidence supports Dr. Kibria's opinion, but whether the ALJ's decision is supported by substantial evidence. *See Wilson*, 284 F.3d at 1221. "If the

Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips*, 357 F.3d at 1240 n. 8.

Overall, the ALJ conducted a thorough review of the Dr. Kibria's opinions and substantial evidence supports the weight he assigned the opinions. Thus, the Court finds no error in the ALJ's treatment of his opinions.

As to Dr. Kasprzak, the ALJ's decision shows she considered Dr. Kasprzak's opinion in the "June 2017 State agency consultative examination report and accompanying assessment." (Tr. 32, 521-23, 527). The ALJ noted that Plaintiff reported using crack cocaine within 24 hours of the examination. (Tr. 32, 525). Dr. Kasprzak noted Plaintiff's attitude varied from cooperative to avoidant, and she questioned the validity of IQ testing, because Plaintiff gave up easily and did not appear to make his best effort. (Tr. 32, 526-27), which casts doubt on the validity of the examination results and opinion. The ALJ properly considered that Plaintiff's drug use affected the examination performance, as well as that Plaintiff did not put forth his best effort during the examination, when considering the weight given to the extreme limitations in Dr. Kasprzak's opinion. Given that even Dr. Kasprzak cast doubt on the validity of testing results, the ALJ had no duty to give any weight to the opinion, including the parts about Plaintiff's ability to manage finances independently and prognosis for gainful employment, based on the questionable examination results.

The ALJ gave "little weight" to Dr. Kasprzak's opinion that Plaintiff did not possess the requisite skills to manage finances independently and that his prognosis was fair at best for gainful employment. (Tr. 32, 527). The ALJ indicated that this opinion was inconsistent with Plaintiff's examination by Dr. Kibria. (Tr. 32). Dr. Kibria noted Plaintiff's work-related mental activities, including understanding, memory, concentration, social interaction, and adaptation were intact.

(Tr. 32, 510). Plaintiff was oriented to time, place, and person; historical events were related in a coherent, organized manner; he had a normal fund of general information and a normal speech pattern; his comprehension was intact despite occasional slurring. (Tr. 31-32, 510). As the ALJ had noted, there was a "significant difference between Dr. Kasprzak's description of the claimant's demeanor and participation in her June 2017 State agency consultative examination and Dr. Kibria's description of the claimant's mental status at his June 2017 examination." (Tr. 31). He gave Dr. Kibria's opinion about mental functioning "limited weight" as it was not based on extensive psychological testing. (Tr. 31). However, the ALJ explained that the "observations are significant, as the claimant reported having used crack cocaine hours before Dr. Kasprzak's examination, and Dr. Kasprzak's noted that the reliability of her IQ testing . . . was questionable, as the claimant did not appear to give his best effort. She noted that claimant's attitude ranged from cooperative to avoidant, and that his background history tended to be vague." (Tr. 31, 525-26). The ALJ's reason for discounting Dr. Kasprzak's opinion was proper and supported by substantial evidence.

Although Plaintiff claims it is inconsistent for the ALJ to give "limited weight" to Dr. Kibria's opinion about mental activities but then find Dr. Kasprzak's opinion inconsistent with Dr. Kibria's, Plaintiff provides no support for this contention. In addition, as Defendant notes, Plaintiff ignores that the ALJ discussed how Dr. Kasprzak's examination was tainted by Plaintiff's recent use of crack cocaine and lack of effort during the examination as shown by Dr. Kibria's examination. (Tr. 31-32).

The ALJ did not give great weight to Dr. Kasprzak's opinion that Plaintiff had moderate limitation with respect to interacting appropriately with supervisors and would have moderate to marked difficulty in responding appropriately to usual work situations and responding to changes

in a routine work schedule for multiple reasons. (Tr. 21, 33). The ALJ indicated that the medical records for the period under consideration were not consistent with an opinion of Plaintiff having moderate limitations in those areas. (Tr. 21, 33). Substantial evidence supports this statement. For example, the record shows that Plaintiff told Dr. Rosenberg he socialized with friends. (Tr. 412). Plaintiff was cooperative, pleasant, and informative at the examination with Dr. Kibria. (Tr. 510). Dr. Kibria indicated Plaintiff had an intact ability for social interaction. (Tr. 510). Dr. Kasprzak found Plaintiff was either cooperative or avoidant. (Tr. 526). Plaintiff had a normal mood and affect on examination in February 2015. (Tr. 447). Plaintiff denied behavioral problems and agitation at a February 2015 examination, and his mood, affect, and behavior were normal. (Tr. 453-54). In addition, the ALJ pointed out that Dr. Kasprzak's "rationale for those limitations is based on remote work experience as reported by the claimant whose statements about his background were vague and evasive." (Tr. 33). As the ALJ explained, Plaintiff reported to Dr. Kasprzak that he was terminated from work at a grocery store for hitting a supervisor who was getting on his nerves. (Tr. 21). However, Plaintiff's earnings records do not show any earnings for the period from 1998 through 2015 (Tr. 21, 235), and he reported that he last worked at age 19. (Tr. 21, 525). The ALJ explained that "claimant is currently 47 years old, and his records for the period under consideration do not document any significant adverse incidence involving the claimant and another individual during that period." (Tr. 411-529). Dr. Kasprzak directly indicated the basis for her opinions about Plaintiff's ability to interact with others and respond to usual work situations and changes in a routine work schedule was Plaintiff's subjective complaints about previous work issues. (Tr. 522). Because the opinion was based on subjective complaints, the ALJ did not have to give it any weight on this basis alone. A claimant's subjective complaints are not an acceptable basis for an opinion. *See* 20 C.F.R. § 416.927(c).

As Dr. Kibria and Dr. Kasprzak are not treating sources, their opinions were not entitled to any special deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, the ALJ discussed their findings and length and explained the weight he accorded their opinions. Plaintiff has failed to show that substantial evidence does not support their opinions. Accordingly, the Court will not remand for the ALJ to re-evaluate their opinions.

Finally, the Court finds no error in the ALJ's analysis of Dr. Molis' opinion that Plaintiff could occasionally lift 20 pounds and frequently life 10 pounds, could stand about six hours in an eight-hour workday, could sit about six hours in an eight-hour workday, could occasionally climb ladders, stoop, kneel, crouch, and crawl, could frequently climb stairs and ramps, and had limited handling and fingering bilaterally. (Tr. 33, 120-22). The ALJ noted that the limitations were "consistent with the medical evidence viewed as a whole and with claimant's description of his activities." (Tr. 33, 412-14, 424-25, 447, 510-12). 20 C.F.R. § 416.927(c)(4). However, the ALJ went on to explain that he did "not give great weight to the opinion of that consultant that the claimant's fingering and handling was limited to frequent fingering and handling." (Tr. 33). He noted, "Evidence received at the hearing level, including Dr. Kibria's State agency consultative examination report discussed above, supports a greater degree of limitation." (Tr. 33, 510). Finally, the ALJ explained that "[t]o the extent that Dr. Molis' assessment is inconsistent with the residual functional capacity adopted here, the undersigned gives little weight to that inconsistence" (Tr. 33). Thus, contrary to Plaintiff's claim, the ALJ did not accord Dr. Molis' opinion "dispositive weight," but specified that the opinion was not accepted to the extent that it was inconsistent with the evidence of record.

**III. Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to

enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties